*In re* MARRIAGE OF PATRICIA STRANG-REYNOLDS-CONOUR, Petitioner-Appellee, and JEFFREY C. STRANG, Respondent-Appellant.

Fourth District   No. 4—90—0674

Opinion filed September 6, 1991.

Jeffrey C. Strang, of White Hall, appellant *pro se.*

Duane D. Young, of Heckenkamp, Simhauser & LaBarre, P.C., of Springfield, for appellee.

PRESIDING JUSTICE LUND delivered the opinion of the court:

Respondent Jeff C. Strang appeals from the February 8, 1990, order of the circuit court of Greene County, denying his amended motion for modification of visitation and from the subsequent order denying the motion for reconsideration and rehearing. We affirm.

The amended motion for modification seeks to increase visitation from an order evidently first entered in August 1986. We do not have the complete dissolution record and take this undisputed fact based on respondent's brief. On February 6, 1990, the trial judge, with unbelievable patience, heard testimony and argument from respondent. He then interviewed two of the children, Cassie and Alex. He denied the relief sought in the amended motion.

■■ ■ The trial court's decision will not be reversed unless it is against the manifest weight of the evidence. (*In re Marriage of Ramer* (1980), 84 Ill. App. 3d 213, 217-18, 405 N.E.2d 401, 404.) We have carefully examined the testimony and find the decision was not against the manifest weight of the evidence.

The marriage of the parties was dissolved in August 1985. The record now before us indicates that on October 24, 1990, the Greene County circuit clerk's record of the Strang dissolution contained 88 pages of docket record sheets. Needless to say, hundreds of pages of filings have been involved. Respondent has filed 15 prior appeals with our court in this cause. Neither party has significant assets. The respondent, while able-bodied, helps his father on the father's farm and does other miscellaneous jobs. The record indicates respondent spends considerable time lobbying for legislation favorable to divorced noncustodial fathers. The record also indicates respondent has used various court processes and hearings to prolong conflict with petitioner. Four children, all minors, were born to the parties and are in the custody of petitioner.

In a case like the present one, where one party is obviously harassing the other through the court processes, it would be a further abuse of justice if we did not give due credit to the quality of those on the trial bench who hear cases of this type.

Affirmed.

GREEN and McCULLOUGH, JJ., concur.